IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LM, Inc., | No. C-07-01267 EDL |
| Plaintiff, | **ORDER GRANTING MOTION TO BE RELIEVED AS COUNSEL** |
| v. | |
| PARVIZ KHAN, | |
| Defendant. | |

On December 3, 2008, Defendant/Third Party Plaintiff's counsel, John Kelly, filed a Motion to Be Relieved as Counsel. The Court's Civil Local Rules provide that "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). The Rules of Professional Conduct of the State Bar of California address the circumstances under which counsel may seek to withdraw from an action. An attorney may permissively withdraw "if the client renders it unreasonably difficult for the member to carry out the employment effectively." Cal. Rules Prof. Cond. 3-700(C)(1)(c). Counsel states in his declaration that good cause exists for withdrawal because his client is failing to communicate with him.

Specifically, counsel states that his client sold his property in Sonoma in March 2008 and then moved to Germany, all without informing counsel. See Kelly Decl. ¶¶ 3-4. Counsel's last communication with his client was a chance encounter on the street in March 2008. See id. ¶ 4. He was informed of his client's move from Sonoma in a June 2008 letter from another attorney. See id. ¶ 5; Ex. A. Counsel has sent numerous letters to his client's address, and none have been returned, and counsel has no forwarding information. See id. ¶ 6. His client's phone number has been disconnected. See id. ¶ 7. His client has no relatives in the United States and has left no

information about who can be contacted on his behalf.  <u>See</u> <u>id.</u> ¶ 8.

Under these circumstances, the Court concludes that it has become unreasonably difficult for counsel to represent his client.  Accordingly, counsel's Motion to Be Relieved as Counsel is granted.  However, withdrawal is conditioned on counsel's agreement to continue to be served with documents from the Court to be forwarded to his client's last known address.  <u>See</u> Civ. L.R. 11-5(b) (providing that where withdrawal of counsel is not accompanied by the simultaneous appearance of substitute counsel or agreement of the party to appear pro se, the Court may condition withdrawal on the agreement of counsel to continue to be served with papers for forwarding purposes, unless and until the client appears by other counsel or pro se).

**IT IS SO ORDERED.**

Dated: December 10, 2008

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge